IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN JEFFERSON TUGGLE,   )  <br>     Plaintiff,    )  <br>                )  <br> v.              )  <br>                )  <br>                )  <br> WASHINGTON COUNTY    )  <br> JUDICIAL SYSTEM,     )  <br>     Defendant.    )  | Civil Case No. 7:21-cv-00430  <br>  <br> By: Elizabeth K. Dillon  <br>    United States District Judge |

**MEMORANDUM OPINION**

Plaintiff John Jefferson Tuggle, a Virginia inmate proceeding *pro se*, filed this action using a form for filing civil rights actions pursuant to 42 U.S.C. § 1983. The complaint is before the court for review pursuant to 28 U.S.C. § 1915A(a). For the reasons discussed herein, the court concludes that Tuggle's complaint fails to state a claim for which relief can be granted under § 1983 and must be dismissed.

I.  BACKGROUND

Tuggle's complaint names a single defendant: "Washington County Judicial System." His complaint identifies two "claims." First, he says he is "being held years over the statute on 2 malicious wounding charges." (Compl. 2, Dkt. No. 1.) Second, he refers to the documents attached to his complaint, stating that "other facts are attached of my constitutional laws being violated." (*Id.*) For relief, he asks to have his pending criminal case "dismissed or thrown out." (*Id.*)[1]

The complaint's attachments consist of various letters that he has written to courts or persons regarding his state criminal case, misconduct complaints against his attorneys in that

---

[1] Tuggle requested the same relief, and raised many of the same allegations, in a prior § 1983 lawsuit that the court dismissed without prejudice. *Tuggle v. Washington County*, No. 7:21-cv-215 (W.D. Va. April 21, 2021) (memorandum and opinion dismissing case without prejudice), also docketed as ECF Nos. 4, 5.

case and the prosecuting Commonwealth Attorney, and responses to those letters and complaints. For example, one of his chief complaints appears to be that transcripts from his preliminary hearing on the two malicious wounding charges were somehow modified to omit the testimony of three people who testified on his behalf, including the testimony of Blake Andis, who Tuggle identifies as the current Sheriff of Washington County. (Dkt. No. 1-1, at 1.) He also claims that his trial is not being made public, but "[t]hey are having a private trial." (*Id.*; Dkt. No. 1-2, at 1.) He further expresses dissatisfaction with the various lawyers he has had in his criminal case, and states that he is now representing himself. The attachments also include various accusations of misconduct against the prosecuting Commonwealth's Attorney, including that she lied at his bond hearing (Dkt. No. 1-1, at 8), insisted that he receive inpatient treatment despite the trial judge finding him competent to stand trial (*id.* at 6), and has been "hiding" things by not producing audio of various conversations and the bond hearing, (*id.* at 16).

Tuggle's overarching claim (aside from the alleged misconduct by others) is his contention that he should have been tried much earlier, but instead he has been held on the charges since July 2019. (Dkt. No. 1-3, at 1–3.) He alleges that this constitutes a speedy trial violation and also constitutes cruel and unusual punishment.

Upon review of Tuggle's complaint, the court concludes that his claims are subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1) for the reasons discussed next.

## II. DISCUSSION

### A. Tuggle Fails to State a Claim Against "Washington County Judicial System"

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). "Local governing bodies . . . can be sued

directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a local governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981). To satisfy that requirement, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985). In this case, Tuggle has set forth no factual matter that would state a claim against the "Washington County Judicial System" under *Monell*, and he names no other defendants. Accordingly, his complaint must be dismissed.

**B. Tuggle's Claim, if Construed as a Habeas Action, Must Be Dismissed Without Prejudice Because the Court Lacks Jurisdiction Over It**

In addition to failing to state a claim against the only named defendant, Tuggle's complaint must be dismissed for a more fundamental reason. Specifically, liberally construed, it appears that he is challenging pending criminal charges against him.[2] According to Washington County Circuit Court records, Tuggle has two active cases with malicious wounding charges, Case Nos. CR20000208-00 and CR20000209-00.[3] Both cases have a jury trial date set for December 3, 2021.

A direct challenge to criminal proceedings is not a proper § 1983 action, but it must instead be brought as a petition for habeas corpus. Relief could not be granted to Tuggle under

---

[2] The court does not construe his complaint as challenging any prior conviction, only the pending malicious wounding charges against him. But any such claim for damages (or seeking release) under § 1983 challenging a prior conviction would likely be precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994).

[3] The court takes judicial notice of Tuggle's state court proceedings in Washington County Circuit Court. *See* Fed. R. Evid. 201(b)(2) (permitting a federal court to take judicial notice of certain facts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (explaining that a federal court may take judicial notice of state court proceedings that directly relate to the issues pending in the federal court).

28 U.S.C. § 2254 at this time because that provision allows challenges by a petitioner who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a)–(b). According to his allegations and state court records, Tuggle is apparently not in custody pursuant to any criminal judgment as to the malicious wounding charges but is, instead, awaiting trial on those charges.

The Fourth Circuit has recognized that a state pretrial detainee can seek federal habeas corpus relief under 28 U.S.C. § 2241 before the entry of a final court judgment against him. *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995). But exhaustion of claims on the merits in state court is generally required before filing under § 2241, *Dickerson v. Louisiana*, 816 F.2d 220, 229 (5th Cir. 1987), and Tuggle presents no evidence that he has exhausted. *See also McFadden v. Simon Major*, No. CA 3:10-68-RBH-JRM, 2010 WL 1542531, at *2 (D.S.C. Feb. 23, 2010), *report and recommendation adopted sub nom. McFadden v. Major*, No. CIVA3:10-68-RBH, 2010 WL 1542544 (D.S.C. Apr. 15, 2010) (collecting cases requiring exhaustion for pretrial habeas claims brought under § 2241). Although he shows that he has written *letters* to the Supreme Court of Virginia, that court's records reflect that he has not filed any cases, petitions, or appeals in that court. Likewise, the dockets in his criminal case reflect that he has not sought habeas relief there. Thus, he has not exhausted.

The rationale for requiring exhaustion in this context is closely related to the principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Thomas v. Clarke*, No. 2:17CV209, 2017 WL 7167101, at *3 (E.D. Va. Dec. 21, 2017), *report and recommendation adopted,* No. 2:17CV209, 2018 WL 627387 (E.D. Va. Jan. 30, 2018) (explaining that even if the claims of the pretrial detainee plaintiff were cognizable under § 2241, they would be subject to dismissal because of "two related and overlapping grounds": *Younger* abstention and petitioner's failure to exhaust). *Younger* requires a federal court to "abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding

brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (citation omitted). There are exceptions, for "extraordinary circumstances," which have been found mostly in cases involving double jeopardy claims. *See McFadden*, No. 3:10-68-RBH-JRM, 2010 WL 1542531, at *3 (D.S.C. Feb. 23, 2010) (collecting authority).

Although some pretrial habeas claims can proceed without exhaustion, that requires extraordinary or special circumstances. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973) (requiring special circumstances to allow pretrial, unexhausted challenges in habeas); *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975) (explaining a federal court should not exercise habeas "jurisdiction without exhaustion . . . at the pre-trial stage unless extraordinary circumstances are present"; otherwise, the petitioner must exhaust state remedies and make a special showing of the need for adjudication before trial). Nothing in Tuggle's complaint suggests that there are extraordinary or special circumstances in his case that would allow him to assert his claims without first exhausting them in state court.

Accordingly, to the extent that his complaint is properly construed as a habeas petition pursuant to § 2241, it would be subject to dismissal without prejudice for failure to exhaust his state court remedies and also because of *Younger*. Tuggle must first exhaust any habeas claim by raising it before the Supreme Court of Virginia, in either a direct appeal or in a habeas petition, before seeking federal habeas relief.[4]  Because it does not appear that he has done so, any habeas claim is subject to dismissal.

---

[4] The court advised Tuggle of this fact in his earlier filed suit. *See Tuggle*, No. 7:21-cv-215 (W.D. Va. April 21, 2021), ECF No. 4, at 6.

## III. CONCLUSION

For the foregoing reasons, Tuggle's § 1983 complaint will be dismissed without prejudice for failure to state a claim. To the extent it could be construed as a habeas petition under 28 U.S.C. § 2241, challenging his ongoing state criminal proceedings, it is subject to dismissal because he has not exhausted and, in any event, the court would abstain under *Younger*. An appropriate order will be entered.

Entered: October 27, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge